UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,


             v.                                          1:06-CR-411 (LEK)

RAYMOND VANHOESEN, a/k/a SHAM, and
JERMAINE VANHOESON a/k/a WALEEK
                                   Defendants.


### MEMORANDUM-DECISION AND ORDER

Presently before the Court are supplemental Motions filed by Defendant Raymond

VanHoesen ("Defendant") on November 11, 2008.  Defendant seeks a Judgment of Acquittal,

pursuant to Rule 29 of the Federal Rules of Criminal Procedure, from the jury verdict rendered on

May 30, 2008.  Dkt. No. 137.  Defendant also seeks an Order, pursuant to Rule 33 of the Federal

Rules of Criminal Procedure, vacating the judgment arising from the jury verdict and granting him a

new trial.  Dkt. No. 138.  For the reasons discussed below, the Motions are denied.

I.      **Background**

On May 30, 2008, the jury in the above-captioned case found Defendant guilty of possession

with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  See Dkt.

No. 120; Indictment (Dkt. No. 12).  On June 1, 2008, Defendant moved for acquittal or a new trial

pursuant to Federal Rules of Criminal Procedure 29 and 33.  Dkt. Nos. 121, 122.  Defendant

reserved the right to supplement his Motions "as discussed on the record after the rendition of the

verdict by the jury."  Id.  On September 24, 2008, the Court denied Defendant's initial Rule 29 and

33 Motions.  Dkt. No. 133.  Defendant now brings new Motions, again seeking relief under Rule 29

and 33.  Dkt. Nos. 137, 138.

## II.    Rule 29 Motion

Defendant moves again for a judgment of acquittal pursuant to Federal Rule of Criminal

Procedure 29.  "[A] district court can enter a judgment of acquittal on the grounds of insufficient

evidence only if, after viewing the evidence in the light most favorable to the prosecution and

drawing all reasonable inferences in the government's favor, [the court] concludes no rational trier

of fact could have found the defendant guilty beyond a reasonable doubt."  United States v. Reyes,

302 F.3d 48, 52 (2d Cir. 2002) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).  A court

"may not substitute [its] own determinations of credibility or relative weight of the evidence for that

of the jury."  United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000).

To convict Defendant, the Government was required to prove beyond a reasonable doubt

that: (1) the Defendant possessed the controlled substance described in the indictment; (2) the

Defendant possessed the controlled substance with the intent to distribute it; and (3) the Defendant

did so knowingly and willfully.

Defendant now argues that:

> although the government presented evidence that the defendant rented the premises
> [where the controlled substances were found inside of a fur coat] and maybe utilized the
> premises, the evidence did not establish, beyond a reasonable doubt, that the defendant
> was the only person who utilized the premises.  In fact, the evidence was to the contrary.
> . . . The landlord's testimony was to the effect, that the defendant had lady friends stay
> in the apartment.  Additionally, there was not conclusive testimony that the fur type coat
> belonged to and was utilized by the defendant.

Dkt. No. 137 at 2.

However, as the Court noted in its September 24, 2008 Order:

In assessing whether the Government met their burden on the first element, there is no

requirement that the defendant be observed in physical contact with narcotics in order
to be convicted of its possession.  Rather, the possession of narcotics may be either
actual or constructive.  United States v. Torres, 901 F.2d 205, 221 (2nd Cir. 1990), *cert.
denied*, 489 U.S. 906 (1990); United States v. Aiello, 864 F.2d 257, 263 (2d Cir. 1988).
Constructive possession exists when a person "knowingly has the power and the
intention at a given time to exercise dominion and control over an object, either directly
or through others."  United States v. Pelusio, 725 F.2d 161, 167 (2d Cir. 1983)
(quotation omitted); see also United States v. Hastings, No.90-1137, slip op. at 7280
(2nd Cir. Nov. 9, 1990).

Dkt. No. 133 at 3.

The Government produced evidence to support all three elements needed for conviction, as

detailed in the Court's September 24, 2008 Order.  See Dkt. No. 133 at 5-6.  This evidence included

the testimony of Albany Police Detective Scott Gavigan regarding the search of Defendant's

basement apartment where controlled substances, drug paraphernalia, and documents linking

Defendant to the apartment were recovered.  Dkt. No. 162, 164.  This evidence also included

testimony by Defendant's landlord, who confirmed that the apartment was leased to Defendant.

Dkt. No. 164.  The Government also called a senior court reporter for the New York State Court

System, who read an excerpt of Defendant's plea proceedings on separate charges involving the

same evidence.  Id.  The Government also called several witnesses who testified regarding prior

drug sales and purchases involving Defendant.  Dkt. No. 164, 165.

Viewing the evidence in the light most favorable to the prosecution, the Court cannot

conclude that no rational jury could have found Defendant guilty beyond a reasonable doubt.  The

Government offered evidence to support each element on the count of conviction, as noted above

and described in the Court's September 24, 2008 Order.  The Government was not required to prove

that Defendant was the only person who utilized the premises where the drugs were recovered.

There was also sufficient evidence for a rational jury to conclude that the fur coat where the drugs

were found belonged to and was utilized by Defendant, and thus for the jury to conclude beyond a

reasonable doubt that Defendant was in possession of the drugs within the meaning of the statute.

Accordingly, Defendant's Motion for a judgment of acquittal is denied.

## III.    Rule 33 Motion

Defendant also moves again for a new trial pursuant to Federal Rule of Criminal Procedure

33.  Rule 33(a) provides, *inter alia*, that "the court may vacate any judgment and grant a new trial if

the interest of justice so requires."  This rule "gives the trial court 'broad discretion . . . to set aside a

jury verdict and order a new trial to avert a perceived miscarriage of justice.'"  United States v.

Ferguson, 246 F.3d 129, 133 (2d Cir. 2001) (citations omitted); see also United States v. Autuori,

212 F.3d 105, 120 (2d Cir. 2000).  In ruling upon a Rule 33 motion, a district court "must examine

the entire case, take into account all facts and circumstances, and make an objective assessment."

Ferguson, 246 F.3d at 134.  However, the authority to grant a Rule 33 motion must be exercised

"sparingly" and only in the most "exceptional circumstances."  Id.; see also U.S. v. Canova, 412

F.3d 331, 348 (2d Cir. 2005) ("The 'ultimate test' is 'whether letting a guilty verdict stand would be

a manifest injustice . . . . There must be a real concern that an innocent person may have been

convicted.'") (internal citations omitted).

In his second Rule 33 Motion, Defendant asserts that:

> By a motion dated September 24, 2007, defendant sought a dismissal of the current
> indictment on the ground that it contained a count, that is, Count Two, that had
> previously been dismissed on speedy trial grounds.  The motion also sought dismissal
> of the instant indictment on the ground that it was violative of the constitutional
> prohibition against Double Jeopardy.  This court denied that motion.  By this motion,
> defendant renews the motion previously filed dated September 24, 2007.

> By this motion, defendant hereby repeats and reasserts all previously made motions and
> objections.  Based upon all of the foregoing, defendant prays for an Order

pursuant to Rule 33 granting to him a new trial.

Dkt. No. 138 at 2.

Per its January 4, 2008 Order, the Court already addressed Defendant's arguments that the

indictment should be dismissed, and found the arguments to be without merit.  Dkt. No. 62.

Defendant asserts no new arguments in support of his current Motion, and the Court sees no reason

to revisit its earlier ruling on the duplicative issues raised by this Motion.  The Court also does not

find any basis in the record to conclude that there is "a real concern that an innocent person may

have been convicted" as is needed to find manifest injustice and grant relief under Rule 33.  U.S. v.

Canova, 412 F. 3d at 348.  Accordingly, Defendant's Motion for a new trial is denied.

## IV.    Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant Raymond VanHoesen's Rule 29 Motion (Dkt. No. 137) is

**DENIED**; and it is further

**ORDERED**, that Defendant Raymond VanHoesen's Rule 33 Motion (Dkt. No. 138) is

**DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

DATED:      June 01, 2009
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

5